IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HECTOR BARROW, | § | |
| | § | No. 377, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 9506017661 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: September 24, 2024
Decided: September 25, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

After consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1)     On September 9, 2024, the appellant, Hector Barrow, filed a notice of appeal from the Superior Court's order—dated and docketed August 7, 2024—denying his motion for correction of an illegal sentence.  Under Supreme Court Rule 6, a timely notice of appeal was due on or before September 6, 2024.  The Senior Court Clerk therefore issued a notice directing Barrow to show cause why this appeal should not be dismissed as untimely filed.

(2)     In response to the notice to show cause, Barrow advises the Court that he put the notice of appeal in the prison mail system on September 3 and opines that

the notice of appeal should have reached the Court by September 6. At the Court's request, the State also responded to the notice to show cause and provided the Court with a copy of the prison mail system log for September. The log shows that Barrow received a document from the Superior Court on August 9 and tendered to prison officials two items for mailing on September 5—one of which was addressed to this Court.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Court within the applicable time period to be effective.[2] An appellant's prisoner *pro se* status does not excuse his failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[4] "Prison officials are not court-related personnel."[5]

(4) Barrow does not claim, and the record does not reflect, that his failure to file a timely notice of appeal from the Superior Court's August 7, 2024 order is attributable to court-related personnel. Consequently, this case does not fall within

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[2] Del. Supr. Ct. R. 10(a).
[3] *See Smith v. State*, 47 A.3d 481-82 (Del. 2012) (declining to adopt the federal "mailbox rule" and dismissing a prisoner's *pro se* appeal, filed one day late, as untimely).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *Dickens v. Costello*, 2004 WL 2239710, at *1 (Del. Sept. 29, 2004).

the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal be DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

3